UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JACQUELINE DE BRITTO BUCCO, ANTONIO DIEGO BARBOSA COUTINHO, ANA PAULA OLIVEIRA DE SOUZA COSTA, VINICIUS ASSAD DE MAGALHAES, BRIAN DE SOUZA MELO, MARCOS VINICIUS MORAIS PINTO, SILMAR DA SILVA REIS, CESAR PRIESTER ROSA, JR., and LEILA SILVA FREIRE SOARES,<br><br>    Plaintiffs,<br><br>vs.<br><br>WESTERN IOWA TECH COMMUNITY COLLEGE, PREMIER SERVICES, INC. d/b/a J&L STAFFING AND RECRUITING, INC. and also d/b/a J&L ENTERPRISES, INC., ROYAL CANIN USA, INC., TURPAK FOODS, INC., JULINE ALBERT, NANCY ALBRECHT, ROSANA SALGADO BURRIGHT, TERRY MURRELL, TERRY YI, JAMES ZUERCHER, and LILLY CASTRO,<br><br>    Defendants. | CASE NO. 5:21-cv-04001-LTS-KEM<br><br><br><br>**MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

    COMES NOW, Centers Against Abuse and Sexual Assault ("CAASA"), by and through its attorney, and for its Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action pursuant to Federal Rule of Civil Procedure 45, states as follows:

    1.    On or about January 16, 2023, CAASA was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") submitted by Spencer Willems, counsel for Western Iowa Tech Community College, Juline Albert, Rosana Salgado Burright, Terry Murrell, Terry Yi, James Zuercher and Lilly Castro.

1

A copy of the subpoena is attached hereto as <u>Exhibit A</u> and incorporated herein as if set forth in full.

2.  The Subpoena seeks disclosure of confidential information from CAASA which is privileged and protected by Iowa's victim-counselor privilege pursuant to Iowa Code § 915.20A. The Subpoena imposes an undue burden on CAASA by commanding disclosure of confidential information.

3.  Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv), the Subpoena must be quashed or modified.

4.  The party or attorney responsible for issuing and serving the Subpoena failed to take reasonable steps to avoid imposing an undue burden or expense upon CAASA by failing to obtain a written waiver of the victim-counselor privilege or an order of the court compelling disclosure of confidential information. A sanction against the party or attorney responsible for issuing the Subpoena is appropriate for CAASA's reasonable attorney's fees and costs incurred. Fed. R. Civ. P. 45(d)(1).

5.  In support of this motion and in accordance with Local Rule 7(b)(3), CAASA is simultaneously filing a Brief in Support if its Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

Dated this 20th day of January, 2023.

>
> CRARY HUFF RINGGENBERG
> HARTNETT & STORM, P.C.
>
> BY  */s/ Marci L. Iseminger*
> Marci L. Iseminger
> 329 Pierce St., Ste. 200
> PO Box 27
> Sioux City, Iowa 51102
> Phone (712) 277-4561
> Fax: (712) 277-4605
> Email: miseminger@craryhuff.com
> ATTORNEYS FOR CENTERS AGAINST ABUSE
> AND SEXUAL ASSAULT

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

> */s/ Marci L. Iseminger*
> Marci L. Iseminger

EXHIBIT A

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| JAQUELINE DE BRITTO BUCCO, ANTONIO DIEGO BARBOSA COUTINHO, ANA PAULA OLIVEIRA DE SOUZA COSTA, CARILYNS SARAI CAMUS JORQUERA JORQUERA, VINVIUS ASSAD DE MAGALHAES, BRIAN DE SOUZA MELO, MARCOS VINICIUS MORASIS PINTO, SILMAR DA SILVA REIS, CESAR PRIESTER ROSA, JR., NESTOR ALONSO ACEVEDO CONTRERAS, and LEILA SILVA FREIRE SOARES, <br><br>Plaintiff, <br><br>v. <br><br>WESTERN IOWA TECH COMMUNITY COLLEGE, PREMIER SERVICES, INC. d/b/a J&L STAFFING AND RECRUITING INC. and also d/b/a J&L ENTERPRISES, INC., ROYAL CANIN USA, INC., TUR-PAK FOODS, INC., JULINE ALBERT, NANCY ALBRECHT, ROSANA SALGADO BURRIGHT, TERRY MURRELL, TERRY YI, JAMES ZUERCHER, and LILLY CASTRO, <br><br>Defendants. | Case No. 5:21-cv-04001-LTS-KEM |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

TO:  Center Against Abuse & Sexual Assault
     109 S. Main
     Denison, IA 51442

☒ *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

- Copies of all internal emails, correspondence, electronic messaging ("chats"), text messages, and other electronic communications concerning Western Iowa Tech Community College students, the J-1 visa program, and allegations or complaints related to these students' involvement in the program as well as their activities after the program;
- Copies of all memos, reports, notes, interviews, and other documents related to the complaints made or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program;
- Copies of all documents and communications shared with third-parties CAASA officials and staff—including but not limited to other activist or community groups, media organizations, elected officials, and government agencies/offices—regarding the complaints made by or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program;
- Copies of all documents and communications CAASA officials and staff received from third-parties—including but not limited to activist or community groups, media organizations, elected officials, and government agencies/offices—regarding the complaints made by or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program;
- Copies of any financial documents related to services or other benefits rendered by CAASA, its officials or staff to former Western Iowa Tech Community College students;
- Copies of any financial documents related to incomes, revenues, or other moneys received by CAASA related to services or other benefits provided by CAASA, its officials, or staff, to former Western Iowa Tech Community College students;
- A list of all CAASA officials or staff who communicated with any of the Western Iowa Tech Community College students, the student communicated with, the staff person's job title/position, as well as a description of the communications shared or services rendered.

#3412065

| Place: **Dentons Davis Brown**<br>**Davis Brown Tower**<br>**215 10th Street, Suite 1300**<br>**Des Moines, Iowa 50309** | Date and Time: **January 26, 2023** |
|---|---|

  The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: January 5, 2023

       *CLERK OF COURT*

                OR

_____   /s/Spencer Willems_____
*Signature of Clerk or Deputy Clerk*    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorneys representing Defendants Western Iowa Tech Community College (WITCC), Juline Albert, Rosana Salgado Burright, Terry Murrell, Terry Yi, James Zuercher, and Lilly Castro, who issues or requests this subpoena are Spencer Willems and Katie Gral, Dentons Davis Brown PC, 215 10th Street, Suite 1300, Des Moines, Iowa 50309, spencer.willems@dentons.com and katie.gral@dentons.com, Telephone: 515-288-2500, Fax: 515-243-0654.

          **Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).