UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JACQUELINE DE BRITTO BUCCO, ANTONIO DIEGO BARBOSA COUTINHO, ANA PAULA OLIVEIRA DE SOUZA COSTA, VINICIUS ASSAD DE MAGALHAES, BRIAN DE SOUZA MELO, MARCOS VINICIUS MORAIS PINTO, SILMAR DA SILVA REIS, CESAR PRIESTER ROSA, JR., and LEILA SILVA FREIRE SOARES,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN IOWA TECH COMMUNITY COLLEGE, PREMIER SERVICES, INC. d/b/a J&L STAFFING AND RECRUITING, INC. and also d/b/a J&L ENTERPRISES, INC., ROYAL CANIN USA, INC., TURPAK FOODS, INC., JULINE ALBERT, NANCY ALBRECHT, ROSANA SALGADO BURRIGHT, TERRY MURRELL, TERRY YI, JAMES ZUERCHER, and LILLY CASTRO,<br><br>Defendants. | CASE NO. 5:21-cv-04001-LTS-KEM<br><br>**BRIEF IN SUPPORT OF MOTION TO QUASH SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION** |

COMES NOW, Centers Against Abuse and Sexual Assault ("CAASA"), by and through its attorney, and for its Brief in Support of its Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, states as follows:

CAASA is an Iowa nonprofit corporation with offices located throughout the State of Iowa. CAASA provides free and confidential services to individuals impacted by sexual abuse. CAASA offers assistance to crime victims and their families through crisis intervention, accompaniment during medical and legal proceedings, and follow-up counseling. CAASA is not a party to the above-captioned action.

1

On or about January 16, 2023, CAASA was served with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") submitted by Spencer Willems, counsel for Western Iowa Tech Community College, Juline Albert, Rosana Salgado Burright, Terry Murrell, Terry Yi, James Zuercher and Lilly Castro. A copy of the Subpoena is attached to CAASA's motion. The Subpoena commands CAASA to produce the following documents, electronically stored information, or objects:

a. "Copies of all internal emails, correspondence, electronic messaging ("chats"), text messages, and other electronic communications concerning Western Iowa Tech Community College students, the J-1 visa program, and allegations or complaints related to these students' involvement in the program as well as their activities after the program";

b. "Copies of all memos, reports, notes, interviews, and other documents related to the complaints made or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program";

c. "Copies of all documents and communications shared with third-parties CAASA officials and staff—including but not limited to other activist or community groups, media organizations, elected officials, and government agencies/offices—regarding the complaints made by or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program";

d. "Copies of all documents and communications CAASA officials and staff received from third-parties—including but not limited to activist or community groups, media organizations, elected officials, and government agencies/offices—regarding the complaints made by or concerns raised by former Western Iowa Tech Community College students related to their time at Western Iowa Tech Community College, the J-1 visa program, as well as their activities after the program";

e. "Copies of any financial documents related to services or other benefits rendered by CAASA, its officials or staff to former Western Iowa Tech Community College students";

f. "Copies of any financial documents related to incomes, revenues, or other moneys received by CAASA related to services or other benefits provided by CAASA, its officials, or staff, to former Western Iowa Tech Community College students";

g. "A list of all CAASA officials or staff who communicated with any of the Western Iowa Tech Community College students, the student communicated with, the staff person's job title/position, as well as a description of the communications shared or services rendered."

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv), the Court is required to quash or modify a subpoena under the following circumstances:

> **(A)** *When Required*. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> . . .
>
> **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> **(iv)** subjects a person to undue burden.

Fed. R. Civ. P. 45(b)(3)(A)(iii)-(iv). Further, "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1).

Iowa Code § 915.20A codifies the victim-counselor privilege as follows:

> A victim counselor shall not be examined or required to give evidence in any civil or criminal proceeding as to any confidential communication made by a victim to the counselor, nor shall a clerk, secretary, stenographer, or any other employee who types or otherwise prepares or manages the confidential reports or working papers of a victim counselor be required to produce evidence of any such confidential communication, unless the victim waives this privilege in writing or disclosure of the information is compelled by a court pursuant to subsection 7. Under no circumstances shall the location of a crime victim center or the identity of the victim counselor be disclosed in any civil or criminal proceeding.

Iowa Code § 915.20A(2) (2022). A court may compel disclosure of certain information if all of the following apply: (1) "The information sought is relevant and material evidence of the facts and

circumstances involved in an alleged criminal act which is the subject of a criminal proceeding;" (2) "The probative value of the information outweighs the harmful effect, if any, of disclosure on the victim, the counseling relationship, and the treatment services;" and (3) "The information cannot be obtained by reasonable means from any other source." Iowa Code § 915.20A(7).

For purposes of the victim-counselor privilege, "Confidential communication" means information shared between a crime victim and a victim counselor within the counseling relationship, and includes all information received by the counselor and any advice, report, or working paper given to or prepared by the counselor in the course of the counseling relationship with the victim. Iowa Code § 915.20A(1)(a). "Crime victim center" means any office, institution, agency, or crisis center offering assistance to victims of crime and their families through crisis intervention, accompaniment during medical and legal proceedings, and follow-up counseling. Iowa Code § 915.20A(1)(b). "Victim counselor" means a person who is engaged in a crime victim center, is certified as a counselor by the crime victim center, and is under the control of a direct services supervisor of a crime victim center, whose primary purpose is the rendering of advice, counseling, and assistance to the victims of crime. Iowa Code § 915.20A(1)(d).

Pursuant to Iowa Code § 915.20A, CAASA does not acknowledge that it has ever provided services to any party to this action. Notwithstanding, the Subpoena seeks production of confidential communications made by a victim to CAASA's victim counselors. The information sought by the Subpoena would disclose the location of CAASA's crime victim centers or the identities of CAASA's victim counselors, which are protected by Iowa Code § 915.20A(2). The Subpoena does not include any victim's written waiver of the victim-counselor privilege, nor does the Subpoena reference any court order compelling disclosure of confidential information in the custody of CAASA. The victim-counselor privilege codified by Iowa Code § 915.20A commands

that CAASA's victim counselors shall not be examined or required to disclose the evidence sought by the Subpoena. *See* Iowa Code § 915.20A(2).

The Subpoena seeks disclosure of privileged and protected confidential information from CAASA, and the Subpoena imposes an undue burden on CAASA by contravening Iowa's victim-counselor privilege. Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv), the Subpoena must be quashed or modified.

The Subpoena attempts to pervade Iowa's longstanding victim-counselor privilege. The party or attorney responsible for issuing and serving the Subpoena failed to take reasonable steps to avoid imposing an undue burden or expense upon CAASA by failing to obtain a written waiver of the victim-counselor privilege or an order of the court compelling disclosure of confidential information. Accordingly, a sanction against the party or attorney responsible for issuing the Subpoena is appropriate for CAASA's reasonable attorney's fees and costs incurred. Fed. R. Civ. P. 45(d)(1).

WHEREFORE, Centers Against Abuse and Sexual Assault respectfully prays that the Court grant its Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; that the Court enter an award of reasonable attorney fees and costs; and for such other and further relief as the Court deems just and equitable.

Dated this 20th day of January, 2023.

CRARY HUFF RINGGENBERG
                                HARTNETT & STORM, P.C.

                        BY      */s/* Marci L. Iseminger
                                Marci L. Iseminger
                                329 Pierce St., Ste. 200
                                PO Box 27
                                Sioux City, Iowa 51102
                                Phone (712) 277-4561
                                Fax: (712) 277-4605
                                Email: miseminger@craryhuff.com
                                ATTORNEYS FOR CENTERS AGAINST ABUSE
                                AND SEXUAL ASSAULT


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.


                                */s/ Marci L. Iseminger*
                                Marci L. Iseminger