IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
(Western Division)

| | |
|---|---|
| JACQUELINE DE BRITTO BUCCO, ANTONIO DIEGO BARBOSA COUTINHO, ANA PAULA OLIVEIRA DE SOUZA COSTA, VINICIUS ASSAD DE MAGALHAES, BRIAN DE SOUZA MELO, MARCOS VINICIUS MORAIS PINTO, SILMAR DA SILVA REIS, CESAR PRIESTER ROSA, JR., and LEILA SILVA FREIRE SOARES,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN IOWA TECH COMMUNITY COLLEGE, PREMIER SERVICES, INC., d/b/a J&L STAFFING AND RECRUITING, INC., and also d/b/a J&L ENTERPRISES, INC., ROYAL CANIN USA, INC., TUR-PAK FOODS, INC., JULINE ALBERT, NANCY ALBRECHT, ROSANA SALGADO BURRIGHT, TERRY MURRELL, TERRY YI, JAMES ZUERCHER, and LILLY CASTRO<br><br>Defendants. | Case No. 5:21-cv-4001-CJW<br><br><br><br>**DEFENDANTS WESTERN IOWA TECH COMMUNITY COLLEGE, TERRY YI, ROSANA SALGADO BURRIGHT, JULINE ALBERT, TERRY MURRELL, JAMES ZUERCHER, AND LILLY CASTRO'S RESISTANCE TO CENTERS AGAINST ABUSE AND SEXUAL ASSAULT'S MOTION TO QUASH SUBPOENA** |

COMES NOW Defendants Western Iowa Tech Community College, Juline Albert, Rosana Salgado Burright, Terry Murell, Terry Yi, James Zuercher, and Lilly Castro (hereinafter "WITCC Defendants") and for their Resistance to Centers Against Abuse and Sexual Assault's Motion to Quash, hereby state as follows:

1. On or about January 16, 2023, WITCC Defendants served Centers Against Abuse and Sexual Assault ("CAASA") with a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena").

2. On January 20, 2023, CAASA filed its Motion to Quash the Subpoena.

3. As a basis for filing its Motion to Quash, CAASA states that the Subpoena seeks disclosure of confidential information which is privileged and protected by Iowa's victim-counselor privilege pursuant to Iowa Code § 915.20A.

4. Iowa Code Section 915.20A(1)(a) defines "Confidential Communication" as:

Information shared between a crime victim and a victim counselor within the counseling relationship, and includes all information received by the counselor and any advice, report, or working paper given to or prepared by the counselor in the course of the counseling relationship with the victim.

5. Iowa Code Section 915.20A(1)(c) defines "Victim" as:

A person who consults a victim counselor for the purposes of securing advice, counseling, or assistance concerning a mental, physical or emotional condition caused by a **violent crime** committed against the person. (emphasis added).

6. "Violent Crime" is defined in Iowa Code Section 915.10 as:

A forcible felony, as defined in section 702.11, and includes any other felony or aggravated misdemeanor which involved the actual or threatened infliction of physical or emotional injury on one or more person.

7. Iowa Code Section 702.11 defines forcible felony as:

Any felonious child endangerment, assault, murder, sexual abuse, kidnapping, robbery, human trafficking, arson in the first degree, or burglary in the first degree.

8. The victim-counselor privilege, pursuant to Iowa Code § 915.20A is inapplicable in this matter. As a preliminary matter, CAASA's claim that the information requested is privileged presupposes that a crime actually took place.

9. None of the WITCC Defendants have been charged with a crime in relation to Plaintiffs' allegations, and thus, there is no factual basis to argue that a forcible felony or violent crime has been committed against Plaintiffs.

10. Further, CAASA has failed to identify what subpoenaed information is privileged pursuant to Federal Rule of Civil Procedure 45(e)(2)(A).

11. Fed. R. Civ. P. 45(e)(2)(A) provides that a person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

    (i)    Expressly make the claim; and
    (ii)   Describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

12. CAASA has not articulated the nature of the withheld documents or communications which it claims are privileged.

13. CAASA does, however, state that the information sought by the Subpoena would disclose the location of CAASA's crime victim centers or the identities of CAASA's victim counselors.

14. First, the WITCC Defendants are agreeable to CAASA redacting the names of any victim counselors or the location of the crime victim centers from the documents it produces herein.

15. Second, the parties have entered into a Protective Order in this matter. Paragraph 6 of the Protective Order states that third parties producing documents in the course of this action may also designate documents as "Confidential" subject to the same protections and constraints as the parties to the action.

16. Finally, it must be noted that Plaintiffs have already produced documents from CAASA in this matter, particularly, a letter, written by three Bilingual Victim Advocates. The letter states that "advocates at CAASA banded together to help the students" and began by calling the human trafficking hotline. The advocates also personally contacted the FBI office in Omaha,

3

Nebraska, various Woodbury county attorneys, the local police department, and immigration agent Bret Stanley. *See* Plaintiffs' Initial Disclosures, RBC0158-0169, 0262-0273, 0393-0405, 0416-0428, 0540-0549, 0564-0573, 0698-0709, 0721-0732, 1004-1014, 1027-1039, 1156-1167, 1169-1180, attached hereto as Exhibit A.

17. The letters disclose information related to each advocate's meetings with Plaintiffs, including details about the alleged "extreme emotional toll" Plaintiffs have allegedly suffered.

18. Victim advocates from CAASA have also spoken to the press regarding this matter. *See* April 20, 2020 Sioux City Journal article, attached hereto as Exhibit B.

19. Even if a privilege did apply herein, the privilege has been waived by Plaintiffs' voluntary disclosure of the contents of their communications with CAASA victim advocates.

20. In the alternative, if the Court were to determine that the victim-counselor privilege does apply herein, it may nevertheless require Plaintiffs to execute a waiver pursuant to Iowa Code § 915.20A(2). Accordingly, to the extent this Court does find that section 915.20A applies, the WITCC Defendants ask this Court to compel the disclosure of the requested information, pursuant to a release from Plaintiffs, issued to the WITCC Defendants within 14 days of the Court's order as the probative value of the information sought outweighs the harmful effect, if any, of disclosure and the information cannot be obtained by reasonable means from any other source.

21. Finally, CAASA has not established that the Subpoena imposes an undue burden on it. As discussed above, the victim-counselor privilege does not apply and, to the extent it does, Plaintiffs have already waived any applicable privilege. Accordingly, CAASA is not entitled to fees or sanctions in this matter.

WHEREFORE, Defendants Western Iowa Tech Community College, Juline Albert, Rosana Salgado Burright, Terry Murell, Terry Yi, James Zuercher, and Lilly Castro (hereinafter

"WITCC Defendants") pray the Court deny Centers Against Abuse and Sexual Assault's Motion to Quash, compel the disclosure of all documents requested in the Subpoena, and for such other relief as this Court deems equitable and just.

/s/Sarah K. Franklin
Scott M. Brennan, AT0001100
Sarah K. Franklin, AT0009630
Elizabeth S. Van Arkel AT0011370
Katie E. Gral, AT0013357
Spencer M. Willems AT0014087
DENTONS DAVIS BROWN P.C
215 10th Street, Suite 1300
Des Moines, IA 50309-3993
Telephone: 515-288-2500
Email: Scott.Brennan@dentons.com
Email: Sarah.Franklin@dentons.com
Email: Elizabeth.VanArkel@dentons.com
Email:Katie.Gral@dentons.com
Email: Spencer.Willems@dentons.com

ATTORNEYS FOR DEFENDANTS
WESTERN IOWA TECH COMMUNITY
COLLEGE, TERRY YI, ROSANA SALGADO
BURRIGHT, JULINE ALBERT, TERRY
MURRELL, JAMES ZUERCHER, and
LILLY CASTRO

Copies to:

Roxanne Conlin
Devin C. Kelly
ROXANNE CONLIN & ASSOCIATES
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418

Paige Fiedler
Amy Beck
FIEDLER LAW FIRM, P.L.C.
8831 Windsor Parkway
Johnston, IA 50131

*Attorneys for Plaintiffs*

| PROOF OF SERVICE |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on February 3, 2023, by: |
| ☐ US Mail  ☐ FAX  ☐ Hand Delivered  ☐ Overnight Courier  ☐ Email  ☒ CM/ECF |
| Signature: /s/Sarah K. Franklin |

Sarah J. Millsap
Brock J. Pohlmeier
JACKSON LEWIS P.C.
10050 Regency Circle, Suite 400
Omaha, NE 68114

*Attorney for Defendants Premier Services, Inc.
and Nancy Albrecht*

Ryan T. Brown
Matthew Dixon
GORDON REES SCULLY MANSUKHANI LLP
699 Walnut Street, 4th floor
Des Moines, IA 50309

*Attorney for Defendant Tur-Pak Foods, Inc.*

Matthew J. Cannon
Elizabeth S. Ralph
GREENBERG TRAURIG, LLP
77 West Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: 312-456-8400
Email: ralphe@gtlaw.com

*Attorney for Defendant Royal Canin, Inc.*

Ryland Lee Deinert
KLASS LAW FIRM LLP
4280 Sergeant Road, Suite 290
Sioux City, IA 51106
Telephone: 712-252-1866
Email: deinert@klasslaw.com

*Attorneys for Royal Canin USA, Inc.*

Marci L. Iseminger
CRARY, HUFF, RINGGENBERG, HARTNETT
& STORM, P.C.
329 Pierce Street, Suite 200
PO Box 27
Sioux City, Iowa 51102

*Attorneys for Centers Against Abuse and Sexual Assault*