UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JACQUELINE DE BRITTO BUCCO, ANTONIO DIEGO BARBOSA COUTINHO, ANA PAULA OLIVEIRA DE SOUZA COSTA, VINICIUS ASSAD DE MAGALHAES, BRIAN DE SOUZA MELO, MARCOS VINICIUS MORAIS PINTO, SILMAR DA SILVA REIS, CESAR PRIESTER ROSA, JR., and LEILA SILVA FREIRE SOARES,<br><br>Plaintiffs,<br><br>vs.<br><br>WESTERN IOWA TECH COMMUNITY COLLEGE, PREMIER SERVICES, INC. d/b/a J&L STAFFING AND RECRUITING, INC. and also d/b/a J&L ENTERPRISES, INC., ROYAL CANIN USA, INC., TURPAK FOODS, INC., JULINE ALBERT, NANCY ALBRECHT, ROSANA SALGADO BURRIGHT, TERRY MURRELL, TERRY YI, JAMES ZUERCHER, and LILLY CASTRO,<br><br>Defendants. | CASE NO. 5:21-cv-04001-LTS-KEM<br><br><br><br>**REPLY IN SUPPORT OF MOTION TO QUASH SUBPOENA** |

COMES NOW, Centers Against Abuse and Sexual Assault ("CAASA"), and submits the following Reply in Support of Motion to Quash Subpoena:

Defendants Western Iowa Tech Community College, Terry Yi, Rosana Salgado Burright, Juline Albert, Terry Murrell, James Zuercher, and Lilly Castro (herein, the "WITCC Defendants") argue in their resistance that: (1) the victim-counselor privilege recited in Iowa Code § 915.20A is inapplicable to the present matter; or, alternatively (2) the victim-counsel privilege has been waived. The WITCC Defendants' positions undermine Iowa's victim-counselor privilege statute, and in effect, the WITCC Defendants propose that the procedure for production of confidential

information prescribed by Iowa Code § 915.20A be disregarded. The WITCC Defendants seek disclosure of privileged and protected confidential information from CAASA, and the Subpoena imposes an undue burden on CAASA by contravening Iowa's victim-counselor privilege. Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv), the Subpoena must be quashed.

I. **THE VICTIM-COUNSELOR PRIVILEGE APPLIES TO THE PRESENT CASE.**

The WITCC Defendants assert the victim-counselor privilege does not apply to the present matter because, they allege, none of the WITCC Defendants have been charged with a "violent crime." *See* WITCC Defendants' Resistance at ¶¶ 8-9. However, nothing in Iowa Code § 915.20A supports the WITCC Defendants' position that the privilege is effective only upon the filing of a criminal charge. In fact, the definition of "Victim" includes a person who consults a victim counselor for the purposes of securing advice or counselling. Iowa Code § 915.20A(1)(c). "Crime victim center" includes any office or crisis center offering assistance to victims of crime and their families through *crisis intervention*. *See* Iowa Code § 915.20A(1)(b). It is an illogical interpretation of the statute—as the WITCC Defendants proffer to the Court—that a victim's communications are only privileged after a perpetrator is criminally charged, but the privilege does not protect initial communications seeking a crisis center's advice or counseling for assistance with crisis intervention. The victim-counselor privilege exists notwithstanding the pendency of criminal charges against the perpetrator.

Similarly, the victim-counselor privilege is not exclusively confined to violent crimes. The violent crime provision of the statutory definition of "Victim" describes a person seeking "assistance concerning a mental, physical, or emotional condition caused by a violent crime committed against the person." *See* Iowa Code § 915.20A(1)(c). Under the same subparagraph, a "Victim" also includes a person who consults with a victim counselor for the purpose of securing

2

advice or counseling. *Id*. Iowa Code § 915.10 provides general definitions applicable to Iowa's victim rights statutes, which defines "Victim" as "a person who has suffered physical, emotional, or **financial harm** as the result of a public offense or a delinquent act, other than a simple misdemeanor, committed in this state." Iowa Code § 915.10(3) (2022) (emphasis added). Clearly, the victim-counselor privilege is not exclusively confined to violent crimes. The victim-counselor privilege applies to the present matter.

## II.     THE VICTIM-COUNSELOR PRIVILEGE HAS NOT BEEN WAIVED.

The WITCC Defendants allege the victim-counselor privilege has been waived by virtue of the "Plaintiffs' voluntary disclosures of the contents of their communications with CAASA victim advocates." *See* WITCC Defendants' Resistance at ¶ 19. The WITCC Defendants fail to provide any legal analysis as to how the alleged actions constitute waiver of the victim-counselor privilege. The privilege does not arise under the common law. The privilege is purely statutory, and the statute directs the specific manner in which the privilege may be waived. Contrary to the WITCC Defendants' assertions, the victim-counselor privilege statute commands that a waiver of the privilege must be in writing. Iowa Code § 915.20A(2) ("A victim counselor shall not be examined or required to give evidence in any civil or criminal proceeding as to any confidential communication made by a victim to the counselor, . . . unless the victim waives this privilege in writing . . . ."). The statute does not prescribe any other method of waiving the statutory privilege besides a victim's written waiver. *See id*. The WITCC Defendants failed to obtain a written waiver of the victim-counselor privilege prior to serving CAASA with the Subpoena. CAASA is unaware of any written waiver in favor of the WITCC Defendants which would permit disclosure of information requested in the Subpoena. The victim-counselor privilege has not been waived.

### III. THE WITCC DEFENDANTS FAILED TO PROVIDE ANY JUSTIFICATION TO COMPEL DISCLOSURE OF CONFIDENTIAL INFORMATION.

The Iowa victim-counselor privilege statute sets forth a procedure which a party must follow to compel disclosure of confidential information in a criminal proceeding, which is inapplicable to this civil matter. *See* Iowa Code § 915.20A(7) (a party must file a motion and offer proof, among other things, of "the facts and circumstances involved in an alleged criminal act which is the subject of a criminal proceeding."). However, even if this procedure were available to the WITCC Defendants in the present matter, they failed to comply with it. The statute clearly requires the WITCC Defendants to file a motion, accompanied by a written offer of proof, before the Court may compel disclosure of confidential information from CAASA. The WITCC Defendants did not follow the statutory procedure for disclosure of confidential information from CAASA. Rather, the WITCC Defendants simply served the Subpoena on CAASA without any victim's written waiver or an order of the Court compelling disclosure of confidential information.

It is telling that the WITCC Defendants' Resistance backtracks from the information sought in the Subpoena. In their Resistance, the WITCC Defendants allege, "the WITCC Defendants are agreeable to CAASA redacting the names of any victim counselors or the location of the crime victim centers from the documents it produces herein." WITCC Defendants' Resistance at ¶ 14. Yet on the other hand, the Subpoena commands "A list of all CAASA officials or staff who communicated with any of the Western Iowa Tech Community College students, the student communicated with, the staff person's job title/position, as well as a description of the communications shared or services rendered."[1]

---

[1] A copy of the Subpoena is attached as <u>Exhibit A</u> to the Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action.

4

CAASA is not a party to this action. Nevertheless, CAASA is charged with the obligation to protect the confidential information of victims and their families who seek CAASA's services. The Subpoena attempts to evade Iowa's longstanding victim-counselor privilege. The party or attorney responsible for issuing and serving the Subpoena failed to take reasonable steps to avoid imposing an undue burden or expense upon CAASA by failing to obtain a written waiver of the victim-counselor privilege or an order of the Court compelling disclosure of confidential information. Accordingly, the Subpoena must be quashed pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii)-(iv), and a sanction against the party or attorney responsible for issuing the Subpoena is appropriate for CAASA's reasonable attorney's fees and costs incurred. Fed. R. Civ. P. 45(d)(1).

WHEREFORE, Centers Against Abuse and Sexual Assault respectfully prays that the Court grant its Motion to Quash Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action; that the Court enter an award of reasonable attorney fees and costs; and for such other and further relief as the Court deems just and equitable.

Dated this 10th day of February, 2023.

> CRARY HUFF RINGGENBERG
> HARTNETT & STORM, P.C.
>
> BY  */s/ Blake C. Miller*
> Marci L. Iseminger, AT0003784
> Blake C. Miller, AT0013450
> 329 Pierce St., Ste. 200
> PO Box 27
> Sioux City, Iowa 51102
> Phone (712) 277-4561
> Fax: (712) 277-4605
> Email: miseminger@craryhuff.com
> Email: bmiller@craryhuff.com
> ATTORNEYS FOR CENTERS AGAINST ABUSE
> AND SEXUAL ASSAULT

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of February, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system.

*/s/ Blake C. Miller*
Blake C. Miller
