# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### WESTERN DIVISION

| | |
|---|---|
| JACQUELINE DE BRITTO BUCCO, et al. | |
| Plaintiffs, | No. C21-4001-LTS-KEM |
| vs. | **MEMORANDUM OPINION AND ORDER** |
| WESTERN IOWA TECH COMMUNITY COLLEGE, et al., | |
| Defendants. | |

_____

## I.      INTRODUCTION

This matter is before me on an appeal (Doc. 166) by the Centers Against Abuse & Sexual Assault (CAASA), a nonparty to this action, of an order (Doc. 164) by Chief United States Magistrate Judge Kelly K.E. Mahoney denying (in part) CAASA's motion (Doc. 160) to quash a subpoena.  Defendants have filed a response (Doc. 171) and CAASA has filed a reply (Doc. 174).

## II.      BACKGROUND

Plaintiffs are citizens of Brazil who allege they were recruited by Western Iowa Tech Community College (WITCC) for its J-1 Visa Program.  Plaintiffs allege they attended WITCC to obtain degrees and experience in culinary arts or robotics, but were forced into manual labor.  Doc. 79.  They assert claims under the Trafficking Victims Protection Reauthorization Act (TVPRA), Fair Labor Standards Act, Iowa Wage Payment Collection Law and due process clause of the Iowa Constitution, as well as claims of fraudulent misrepresentation and unjust enrichment.  Docs. 79, 126.

During discovery, plaintiffs produced evidence suggesting they met with CAASA victim advocates prior to filing this lawsuit.  Doc. 162.  Defendants issued a subpoena

1

(Doc. 160 at 4-6) to CAASA seeking documents and communications related to plaintiffs. CAASA moved to quash the subpoena based on the Iowa Victim Counselor Privilege, Iowa Code § 915.20A.

Judge Mahoney concluded that the documents and communications sought by defendants were not subject to the privilege because the statute defines victim as "a person who consults a victim counselor for the purpose of securing advice, counseling, or assistance concerning a mental, physical, or emotional condition caused by a *violent crime* committed against the person." Iowa Code § 915.20A(1)(c) (emphasis added). She granted the motion in part and denied it in part, concluding that CAASA must produce only documents and information related to WITCC students in the J-1 Visa Program whose complaints were unrelated to sexual assault or other violent crimes. Judge Mahoney declined to award attorney fees.

In its appeal, CAASA argues Judge Mahoney's interpretation of "victim" is clearly erroneous because it misconstrues what qualifies as a "violent crime" under the statute. CAASA further contends that since the privilege applies, the subpoena must be quashed because defendants were required to, but did not satisfy, the substantive and procedural statutory safeguards for production.

### III.    STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure Rule 72(a) and Local Rule 72.1, all provide for review by a district judge of a magistrate judge's order on non-dispositive motions. On review under § 636(b) or Rule 72(a), the district judge may modify or set aside any parts of the magistrate judge's order that are "clearly erroneous or contrary to law." *See also Ferguson v. United States*, 484 F.3d 1068, 1076 (8th Cir. 2007) ("A district court may reconsider a magistrate judge's ruling on nondispositive pretrial matters where it has been shown that the ruling is clearly erroneous or contrary to law.") (citing § 636(b)(1)(A)).

Although the Eighth Circuit Court of Appeals does not appear to have clarified the meaning of "clearly erroneous" in the context of a district court's review of a magistrate judge's order on a non-dispositive matter, the court's formulation of the "clearly erroneous" standard for its own review of a lower court's ruling is as follows: "A district court clearly errs if its findings are not supported by substantial evidence in the record, if the findings are based on an erroneous view of the law, or if we are left with the definite and firm conviction that an error has been made." *Story v. Norwood*, 659 F.3d 680, 685 (8th Cir. 2011) (cleaned up). Like other courts, I read "contrary to law" within the meaning of Rule 72(a) and § 636(b)(1)(A) to mean the failure to apply or the misapplication of relevant statutes, case law, or rules of procedure. *See Progressive Cas. Ins. Co. v. F.D.I.C.*, 49 F. Supp. 3d 545, 549 (N.D. Iowa 2014) (collecting cases).

## IV.   DISCUSSION

### A.   Are Plaintiffs "Victims" Under Iowa Code § 915.20A?

The parties agree that the § 915.20A definition of "victim" applies, which states:

"Victim" means a person who consults a victim counselor for the purpose of securing advice, counseling, or assistance concerning a mental, physical, or emotional condition caused by a **violent crime** committed against the person.

Iowa Code § 915.20A(1)(c) (emphasis added). Defendants argue this definition is not ambiguous and Judge Mahoney properly determined the privilege did not apply because this case does not involve a crime, much less a violent crime. CAASA argues the court's implicit interpretation of "violent crime" is inconsistent with the definition of "violent crime" set forth in Iowa Code § 915.10(5), which states:

As used in this subchapter, unless the context otherwise requires:
* * *
5. "Violent crime" means a forcible felony, as defined in section 702.11, and includes any other felony or aggravated misdemeanor which involved the actual or threatened infliction of physical or emotional injury on one or more persons.

3

*See* Iowa Code § 915.10(5).

CAASA observes that labor trafficking qualifies as a "violent crime" under this definition because it involves, at least, the actual or threatened infliction of emotional injury on one or more persons. Defendants argue Judge Mahoney correctly found that the definitions in § 915.10 apply to the entire subchapter "unless the context otherwise requires."[1] Because this case involves solely civil claims, and none of the defendants have been charged with a crime pertaining to plaintiffs' allegations, they argue Judge Mahoney correctly concluded the victim counselor privilege does not apply.

Section 915.20A(1)(c) is within the same subchapter as § 915.10.[2] Because § 915.20A(1)(c) does not contain a separate definition for "violent crime" (as it does for "victim"), I agree with CAASA that the § 915.10 definition of "violent crime" applies to § 915.20A(1)(c). I also agree that labor trafficking, as alleged in this case, involves the actual or threatened infliction of emotional injury on one or more persons. Plaintiffs' allegations include a violation of 18 U.S.C. § 1589, which makes it a crime to "knowingly provide[] or obtain[] the labor services of a person by any one of, or by any combination of, the following means:"

> (1)    by means of force, threats of force, physical restraint, or threats of physical restraint to that person or another person;
>
> (2)    by means of serious harm or threats of serious harm to that person or another person;
>
> (3)    by means of the abuse or threatened abuse of law or legal process; or
>
> (4)    by means of any scheme, plan, or pattern intended to cause the person to believe that, if that person did not perform such labor or

---

[1] Judge Mahoney referenced § 915.10 only with regard to its definition of "victim," correctly observing that § 915.20A contains its own, independent definition of "victim." Doc. 164 at 2.

[2] Both sections are located within Subchapter II of Iowa Code chapter 915.

4

services, that person or another person would suffer serious harm or physical restraint.

18 U.S.C. § 1589(a). Section 1589(b) criminalizes:

Whoever knowingly benefits, financially or by receiving anything of value, from participation in a venture which has engaged in the providing or obtaining of labor or services by any of the means described in subsection (a), knowing or in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by any of such means.

18 U.S.C. § 1589(b). "Serious harm" is defined as:

any harm, whether physical or nonphysical, including psychological, financial, or reputational harm, that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background in the same circumstances to perform or to continue performing labor or services in order to avoid incurring that harm.

18 U.S.C. § 1589(c)(2).

Plaintiffs allege the actual or threatened infliction of emotional injury. *See, e.g.,* Doc. 79 at ¶¶ 94, 103, 124, 130-33, 144, 149, 155, 176, 188, 191, 234, 238-39, 263, 290, 329. Their allegations meet the definition of "violent crime" under Iowa Code § 915.10. The fact that this is a civil case, not a criminal one, is not dispositive, particularly because the TVPRA is a criminal statute.[3] Plaintiffs bring their claims under 18 U.S.C. § 1595, which provides a civil remedy for victims. CAASA has demonstrated that plaintiffs should be considered "victims" within the meaning of § 915.20A and, therefore, that the victim counselor privilege applies.

---

[3] The sections invoked by plaintiffs – forced labor under § 1589, trafficking under § 1590 and peonage under § 1581 – are all punishable by more than one year imprisonment, making them felonies if criminally charged.

### B.     *Have Plaintiffs Waived the Privilege?*

Defendants argue that plaintiffs and CAASA have already disclosed communications, materials and subject matter to third parties, thus, waiving the privilege. *See Waterloo/Cedar Falls Courier v. Hawkeye Community College*, 646 N.W.2d 97, 102 (Iowa 2002) (in discussing the reporter's privilege, noting that "waiver of the privilege has most often been found where the plaintiff put the sought-after information into issue in the litigation and then attempted to prevent its disclosure by invoking the shield of privilege."). Defendants note that CAASA has provided documents that were produced or created by CAASA, *see* Doc. 162-1,[4] and plaintiffs disclosed these materials as part of discovery. Further, CAASA representatives spoke to the press about their work with and on behalf of plaintiffs at a press event before the onset of this litigation, *see* Doc. 162-2, and both solicited aid from and worked with other third-party advocates on plaintiffs' behalf. This included forwarding statements authored by plaintiffs to third-party organizations. Defendants also note that plaintiffs themselves do not appear to assert any clam of privilege to the disputed materials.

CAASA argues defendants have failed to show what, specifically, has been waived. It adds that Judge Mahoney did not rule on this issue and that I should decline to rule on it as well, particularly because limited disclosure of general information does not amount to a blanket waiver. CAASA states the statutory procedures and safeguards must be followed, including those for waiver outlined in Iowa Code § 915.20A(2).

I agree that the issue of waiver is outside the scope of CAASA's appeal and, in any event, defendants have not met their burden to prove that the statutory privilege has been waived with regard to the documents they seek. As such, and on the current record, I decline to make any ruling as to whether the privilege has been waived. Defendants

---

[4] This exhibit contains multiple letters by Jennifer Bullock, a bilingual victims advocate for CAASA, and other CAASA advocates, detailing their work with plaintiffs, including information plaintiffs provided to them about their situation at WITCC and steps the advocates took in response.

6

are free to raise and develop this issue more fully in light of my determination that the victim counselor privilege applies.

## C. *Should the Subpoena Be Quashed?*

CAASA argues that because the privilege applies, defendants were required to, but did not, satisfy the substance and procedural statutory safeguards under Iowa Code § 915.20A(7), which states:

> Upon the motion of a party, accompanied by a written offer of proof, a court may compel disclosure of certain information if the court determines that all of the following conditions are met:
>
> a. The information sought is relevant and material evidence of the facts and circumstances involved in an alleged criminal act which is the subject of a criminal proceeding.
>
> b. The probative value of the information outweighs the harmful effect, if any, of disclosure on the victim, the counseling relationship, and the treatment services.
>
> c. The information cannot be obtained by reasonable means from any other source.

Iowa Code § 915.20A(7). CAASA argues that because defendants have not attempted to comply with this section, the subpoena should be quashed. It also argues that the procedural requirements in Iowa Code § 915.20A(8) were not followed, providing another basis for quashing the subpoena. These requirements are as follows:

> In ruling on a motion under subsection 7, the court, or a different judge, if the motion was filed in a criminal proceeding to be tried to the court, shall adhere to the following procedure:
>
> a. The court may require the counselor from whom disclosure is sought or the victim claiming the privilege, or both, to disclose the information in chambers out of the presence and hearing of all persons except the victim and any other persons the victim is willing to have present.

7

b. If the court determines that the information is privileged and not subject to compelled disclosure, the information shall not be disclosed by any person without the consent of the victim.

c. If the court determines that certain information may be subject to disclosure, as provided in subsection 7, the court shall so inform the party seeking the information and shall order a subsequent hearing out of the presence of the jury, if any, at which the parties shall be allowed to examine the counselor regarding the information which the court has determined may be subject to disclosure. The court may accept other evidence at that time.

d. At the conclusion of a hearing under paragraph "c", the court shall determine which information, if any, shall be disclosed and may enter an order describing the evidence which may be introduced by the moving party and prescribing the line of questioning which may be permitted. The moving party may then offer evidence pursuant to the court order. However, no victim counselor is subject to exclusion under rule of evidence 5.615.

Iowa Code § 915.20(A)(8).

Because the victim counselor privilege applies, I agree with CAASA that defendants must follow the procedures outlined in § 915.20A(7) if they believe the information they seek meets the criteria under that section. As such, the subpoena requesting privileged information will be quashed.

### D. Is CAASA Entitled to Attorney Fees?

CAASA contends attorney fees should be awarded because defendants sought privileged information without following the statutory safeguards. Defendants offer no response except to state that the subpoena did not request privileged documents.

While I agree with CAASA that the privilege applies, it appears that defendants issued the subpoena in good faith based on CAASA documents that were previously disclosed in discovery without an assertion of the privilege. In addition, the issue of whether the privilege applies in this type of case does not appear to have been addressed

8

in any prior Iowa cases and, therefore, was a fair point of debate. For these reasons, I decline to grant attorney fees.

## V. CONCLUSION

For the reasons stated herein:

1.      CAASA's appeal (Doc. 166) of the order (Doc. 164) denying its motion (Doc. 160) to quash the subpoena is **granted**. That order is hereby **vacated**.

2.      CAASA's motion (Doc. 160) is **granted** and the subpoena is hereby **quashed**.


**IT IS SO ORDERED.**

**DATED** this 24th day of March, 2023.

_____
Leonard T. Strand, Chief Judge

9